UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MONTAE COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>CAMDEN COUNTY POLICE<br>DEPARTMENT *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-16089 (KMW-MJS)<br><br>**MEMORANDUM OPINION AND<br>ORDER** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Montae Collins' ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application (ECF No 1-2), Plaintiff declares that he has a monthly income of $185.00 from Public Assistance, and has $0.00 in expenses per month. (IFP Application ¶¶ 1, 8). Plaintiff asserts that he does not have other liquid assets, nor does he have a spouse to contribute income or share in expenses, nor does he have any dependents. *Id.*

**WHEREAS**, the Third Circuit has held that an application to proceed without paying filing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted); and

**WHEREAS** the Court notes that although a person "need not be absolutely destitute to proceed in forma pauperis," Plaintiff must nonetheless, "establish that [he] is unable to pay the costs of [his] suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016); and

**THE COURT FINDING** that Plaintiff has demonstrated that he cannot pay the costs of litigation, and thus the Court **GRANTS** the IFP Application.

Pursuant to 28 U.S.C. §1915(e)(2)(B), the Court is to review Plaintiff's Complaint and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is **DISMISSED IN PART**.

**WHEREAS**, in New Jersey, a police department is not a separate entity from the municipality, it is "merely an administrative arm of the local municipality" rendering it an improper defendant. *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004); *Foster v. Essex Cnty. Corr. Facility*, No. 23-1613 (BRM) (MAH), 2023 WL 6366563, at *6 (D.N.J. Sept. 28, 2023). As such, the Camden County Police Department is not a proper Defendant and the Complaint must be dismissed as to Defendant Camden County Police Department; and

**WHEREAS**, to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that a person acting under color of state law violated a "right secured by the Constitution and the laws of the United States." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). Therefore, Plaintiff must plead facts that plausibly allege that Defendant Benjamin Mroz ("Defendant Mroz") deprived him of a Constitutional right while acting under the color of state law. Plaintiff alleges that Defendant Mroz violated his Fourth and Fourteenth Amendment rights.

Plaintiff contends that following an interaction with an unknown male whereby the unknown male gave Plaintiff fifty cents so that he could purchase cigarettes, Plaintiff observed Defendant Mroz and John Doe Officers "detaining the unknown male Plaintiff had just encountered." (ECF No. 1 at ¶ 6). Plaintiff asserts that he approached Defendant Mroz and John Doe Officers as a good Samaritan to "vouch for or assist in anyway possible the unknown male,

from being harassed unnecessarily." (*Id.* at ¶ 8). Defendant Mroz instructed Plaintiff to "step back on the sidewalk" which Plaintiff allegedly did not hear and apparently did not comply because "without delay, Defendant Mroz forcibly placed Plaintiff in handcuffs employing physical force and restraint without probable cause." (*Id.* at ¶¶ 9-10). Defendant Officers then explained to Plaintiff that they had observed a "hand transaction" and that the area was a "high drug area." (*Id.* at ¶¶ 12-14). Plaintiff requested a supervisor who subsequently arrived on the scene and told him that if Plaintiff did not provide identifying information Defendant Officers would have to transport Plaintiff to the police station. (*Id.* at ¶¶ 19-22). Plaintiff did not consent to being transported to the station, being fingerprinted, or being entered into "the police system," nor did he wish to provide any identifying information. (*Id.* at ¶¶ 23-27). Nonetheless, Plaintiff was then transported to the police station despite his express protests, and he was allegedly coerced into providing his identification under threat of being incarcerated over Christmas. (*Id.* at ¶ 24-27.) Plaintiff was issued two citations, one for "Hindering," and the other for "Loitering in high drug area." (*Id.* at ¶¶ 27-31; ECF No. 1 at p. 8). Plaintiff was released that day without being fingerprinted or processed. (*Id.* at ¶¶ 31-32). Plaintiff further alleges that he was directed to report to court on January 20, 2025, to address the citations, but when he arrived for his court date there was no record of the citations. (*Id.* at ¶ 33). Later, while attempting to enlist in the navy, Plaintiff was advised that there was a warrant arising from the citations, the warrant having been issued on May 20, 2025. (ECF No. 1 at ¶¶ 33-40). After being notified of the warrant, Plaintiff appeared in court on September 10, 2025, to address the warrant, and on September 22, 2025, the Court dismissed the citations. (*Id.* at ¶¶ 41-42).

The Court construes Plaintiff's Fourth Amendment claim as allegations of unlawful arrest. To state a claim for unlawful arrest under § 1983, Plaintiff must "plead that he was arrested by a

3

State actor without probable cause." *Palma v. Atl. Cnty.*, 53 F. Supp. 2d 743, 755 (D.N.J. 1999). Probable cause is a question of fact that exists when "reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002). The existence of probable cause is a fact-intensive inquiry that is typically best left for the factfinder. *Castro v. New Jersey*, 521 F. Supp. 3d 509, 522 (D.N.J. 2021). "To determine whether an officer had probable cause to arrest an individual, we examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *Maryland v. Pringle,* 540 U.S. 366, 371 (2003). The guilt or innocence of the accused is inapposite since the analysis focusses solely on whether probable cause existed for any offense that could be charged under the circumstances. *Piazza v. Lakkis*, No. 3:11-CV-2130, 2012 WL 2007112, at \*6 (M.D. Pa. June 5, 2012). If it is clear on the face of the Complaint that probable cause existed, a claim for unlawful arrest should be dismissed. *See Id.* (holding that probable cause existed on the face of the Complaint when the Complaint established that Plaintiff was "driving her vehicle without her seatbelt and with an expired driver's license, both of which are offenses under Pennsylvania law.")

Here, construing the facts in Plaintiff's favor, Plaintiff, not having committed any illegal act, voluntarily approached Defendant Mroz to "vouch for" someone that Defendant Mroz was engaged with. Plaintiff was immediately handcuffed after he did not comply with Defendant Mroz's command. Plaintiff refused to identify himself and requested a supervisor. When the supervisor arrived Plaintiff advised that he was innocent and that he "believed the Defendants' suspicions were false," further stating that he "acknowledged that officers might have suspicion"

4

but that "everyone is not dealing drugs." (ECF No. 1 at ¶ 21). Plaintiff was allegedly further detained, involuntarily transported to the police station, forced to give his ID so that he would not remain incarcerated over Christmas, and issued citations that advised him to appear in court on January 20, 2025 but that were apparently not recorded in the system until sometime after January 20, 2025 and before May 20, 2025, when a warrant issued. (ECF No. 1 at ¶¶ 23-31).

Plaintiff's Complaint, on its face, admits that he acknowledged that Defendant Officers had a suspicion of drug activity, but reasonable suspicion and probable cause are not the same standard. *United States v. Brown*, 765 F.3d 278, 290 (3d Cir. 2014) (explaining that "[r]easonable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence). While the initial encounter between Plaintiff and Defendant Mroz was consensual, which does not require probable cause, a stop that is initially supported by reasonable suspicion may escalate into requiring probable cause depending on the circumstances. *United States v. Johnson*, 592 F.3d 442, 451 (3d Cir. 2010). The Third Circuit has held that "involuntary transportation to a police station or other custodial setting can be deemed a de facto arrest" requiring probable cause. *United State v. Wrensford*, 866 F.3d 76, 85 (3d Cir. 2017). Further, the Supreme Court has stated that "the line is crossed when the police, without probable cause or a warrant, forcibly remove a person from [a] place in which he is entitled to be and transport him to the police station, where he is detained, although briefly, for investigative purposes." *Hayes v. Fla.*, 470 U.S. 811, 816 (1985).

Here, because probable cause is a question of fact most appropriately decided by a jury, with all facts taken in Plaintiff's favor, it is not clear on the face of the Complaint that Defendant Mroz had probable cause to arrest Plaintiff. As such, Plaintiff has sufficiently stated a claim for unlawful arrest under § 1983 and Count I may proceed at this time; and

5

**WHEREAS**, Plaintiff brings a claim, in the alternative, for violations of 42 U.S.C. § 1985. However, Plaintiff does not identify which subsection his allegations stem from, and § 1985 provides for three different types of conspiracies. *See* 42 U.S.C. § 1985.[1] The Court construes Plaintiff's Complaint to allege violations of § 1985(3). To establish a claim for conspiracy under § 1985(3), Plaintiff must "allege facts that plausibly suggest some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators action." *Owens v. Armstrong*, 171 F. Supp. 3d 316, 336 (D.N.J. 2016) (cleaned up). Further, Plaintiff must "allege both that the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." *Id.*

Here, Plaintiff's pleadings are entirely void of any factual allegations or even conclusory statements that implicate a conspiracy that was "motivated by discriminatory animus against an identifiable class." *Id.* As to Count II, Plaintiff's Complaint states that "Defendants' coordinated actions, detention without cause, threats of force, refusal to respond to formal requests, public handcuffing, and issuance of a delayed warrant demonstrate an agreement or concerted effort to obstruct Plaintiff's exercise of federal rights." (ECF No. 1 at p. 6). However, none of the conduct described in the Complaint, either individually or in combination, can be construed to be attributed to or motivated by Defendants' alleged discriminatory animus towards any class of persons.

As such, Count II of the Complaint cannot proceed.

**IT IS HEREBY** on this _17_ day of March, 2026 **ORDERED**

    **A.** Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**

---

[1] Section 1985(1) addresses conspiracies to prevent federal officers from performing their duties through force, intimidation, or threat. *See* 42 USCA § 1985(1). Section 1985(2) covers conspiracies to obstruct justice by deterring parties, witnesses, or jurors in federal courts, or conspiracies that impede justice in state or territorial courts with intent to deny equal protection. *See* 42 USCA § 1985(2). Section 1985(3) applies to conspiracies that deprive persons of equal protection or equal privileges and immunities under the laws. *See* 42 U.S.C. 1985(3).

**B.** The Complaint (ECF No. 1) shall be filed

**C.** All claims against Defendant Camden County Police Department shall be **DISMISSED WITH PREJUDICE**

**D.** Count II shall be **DISMISSED WITHOUT PREJUDICE**

**E.** Plaintiff has thirty (30) days to amend his pleadings in light of the deficiencies described in this Memorandum Opinion and Order, and if Plaintiff fails to do so, the Court will Order the Clerk of Court to close the case

**F.** The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge

7